UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSH HICKS,

                        Plaintiff,

   -against-                               9:10-CV-01177 (LEK/DEP)

OFFICER STERMER; OFFICER DAVIS;
and SUPERINTENDENT, Willard
Correctional Facility;

                        Defendants.

**DECISION and ORDER**

This matter comes before the Court following a Report-Recommendation filed on July 26, 2011, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 25).

Within fourteen days after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1(c). No objections have been raised in the allotted time with respect to Magistrate Judge Peebles' Report-Recommendation.

The Report-Recommendation advises the Court to deny Defendants' Motion for summary judgment (Dkt. No. 18) on the grounds that material issues of fact remain as to whether special circumstances warrant excusing Petitioner's failure to comply with the Prison Litigation Reform Act ("PLRA")'s requirement that he exhaust all administrative remedies before bringing this action. Report-Rec. at 12-19. However, Judge Peebles has also recommended dismissal of Plaintiff's Complaint based on a failure to prosecute this case and a failure to update his address with the Court

since his release from prison five months ago, on March 17, 2011.  Id. at 23-27.  The Court adopts both findings, having examined the record and determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.

Furthermore, the Court finds that dismissal without prejudice is warranted here.  Rule 41(b) grants a district court discretion to dismiss a case without prejudice where a plaintiff has failed to prosecute the action.  See Fed. R. Civ. P. 41(b).  In light of Judge Peebles' finding that summary judgment was unwarranted on Plaintiff's § 1983 claims, dismissal without prejudice will afford Plaintiff the opportunity to refile them, given that the statute of limitations has not yet expired.  See N.Y.C.P.L.R. 214(5) (McKinney 2011) (establishing three-year statute of limitations for personal injury actions); Wilson v. Garcia, 471 U.S. 261, 268-69 (1985) (federal courts must apply state statutes of limitations for personal injury actions in computing statute of limitations for § 1983 claim); Compl. (alleging unlawful arrest occurred on October 20, 2009).  As a less drastic sanction than dismissal with prejudice, the Court finds that dismissal without prejudice "is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity."  Amoroso v. County of Suffolk, No. 08-CV-826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); see also Bloomfield v. Wurtzberger, Report-Recommendation, No. 9:09-CV-619, 2011 WL 281026, at *4 (N.D.N.Y. January 3, 2011), adopted, No. 9:08-CV-619, 2011 WL 283280 (N.D.N.Y. Jan. 26, 2011) (dismissing without prejudice under Rule 41(b) "[i]n light of Plaintiff's *pro se* status").

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 25) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED,** that Defendants' Motion for summary judgment (Dkt. No. 18) is **GRANTED** in part and **DENIED** in part, consistent with the findings in the Report-Recommendation and with this Decision and Order; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:     August 24, 2011
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge